UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THERMIGEN LLC, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-01828-SBA<br><br>**ORDER GRANTING DEFENDANT SPINESMITH HOLDINGS, LLC D/B/A CELLING BIOSCIENCES' MOTION TO DISMISS**<br><br>Dkt. 10 |

　　Plaintiff Fernando Anthony Edwards ("Plaintiff") brings the instant action against Defendant Thermigen, LLC ("Thermigen") and SpineSmith Holdings, LLC ("SpineSmith") d/b/a Celling Biosciences ("Celling Biosciences").[1]  Presently before the Court is SpineSmith's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS SpineSmith's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.  BACKGROUND**

　　**A.  FACTUAL ALLEGATIONS**

　　The factual allegations in the Complaint are rather sparse.  See Compl. ¶¶ 8-12, Dkt. 1. Plaintiff is the "Administrator of Medical Office of Sharon de Edwards, MD FACOG NCMP, Inc." (the "Medical Office").  Id. ¶ 1.  Thermigen marketed and sold a medical device under the tradename "ThermiVa" (the "Device") "for the purpose of treating the Medical Office patients['] sexual and libido conditions."  Id. ¶ 8.  The Device was sold as "FDA approved to minimize vaginal laxity, to eliminate vaginal atrophy, and

---

[1] Plaintiff named as defendant Celling Biosciences, Inc., which entered its appearance as SpineSmith Holdings, LLC d/b/a Celling Biosciences.

to improve vaginal vascularity to facilitate sexual arousal and penetration." Id. However, according to Plaintiff, the Device did not work as advertised and was never, in fact, approved by the FDA for the purposes advertised. Id. ¶ 9.

Plaintiff alleges that, in representing that the Device was FDA approved for the purposes advertised, Thermigen engaged in "deliberate misrepresentation" to sell him a "useless device" for a sum of $100,579.92. Id. ¶ 10. He further alleges that Thermigen's misrepresentation in the sale of the Device exposed the Physician at the Medical Office to risk of professional malpractice for using the Device as advertised. Id. ¶ 12. Finally, according to Plaintiff, Celling Biosciences, "as successor corporation to [Thermigen], is wholly liable for the false advertisement and all damages arising thereunder." Id.

### B. PROCEDURAL HISTORY

On March 12, 2021, Plaintiff filed a Complaint, alleging causes of action for: (1) Unlawful Business Practices under California Business and Professions Code § 17200 et seq. (for financial abuse of an elder in violation of California Welfare and Institutions Code § 15600); (2) Unfair Business Practices under § 17200 et seq. (for immoral, unethical, oppressive, and unscrupulous conduct); (3) Fraudulent Business Practices under § 17200 et seq.; (4) False Advertisement under California Business and Professions Code § 17500; (5) Deceit; and (6) Negligent Infliction of Emotional Distress. Dkt. 1.

Thereafter, SpineSmith filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) and (b)(6), arguing, alternatively, that (1) it is not subject to personal jurisdiction in this Court; and (2) the Complaint fails to state a claim. Dkt. 10 ("Mot."). Plaintiff opposes the motion, Dkt. 22 ("Opp'n"), which is fully briefed and ripe for adjudication. As discussed below, the issue of personal jurisdiction is dispositive; the Court therefore does not reach SpineSmith's alternative argument regarding failure to state a claim.

### II. LEGAL STANDARD

A defendant may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). On such a challenge, the plaintiff bears the burden of establishing that

jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Id. In assessing whether the plaintiff has made the requisite showing, the court evaluates the pleadings and the parties' respective affidavits. Id. The court must take as true uncontroverted factual allegations in the complaint but may not assume the truth of allegations contradicted by affidavit. Mavix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Factual conflicts presented in the parties' affidavits are resolved in the plaintiff's favor. Id. "[L]egal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." Boschetto, 539 F.3d at 1015. California's long-arm statute is coextensive with federal due process requirements; thus, the jurisdictional analysis under either standard is the same. Id. For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "certain minimum contacts" with the forum such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Id. at 1015-16 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Under a minimum contacts analysis, personal jurisdiction typically takes one of two forms—general jurisdiction or specific jurisdiction. Id. at 1016.

"General jurisdiction, as its name implies, extends to 'any and all claims' brought against a defendant." Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, ---U.S. ---, 141 S. Ct. 1017, 1024 (2021) (citation omitted). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." Id. (quoting Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)). In the "paradigm case," a corporation is subject to general jurisdiction in its place of incorporation and principal place of business. Id. In an "exceptional case," a corporation's operations in another forum may subject it to general jurisdiction. Daimler, 571 U.S. at 139 n.19 (citation omitted). To assert general jurisdiction over a nonresident corporation, however, its affiliations with the State must be

"so 'continuous and systematic' as to render [it] essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317); see also Mavrix, 647 F.3d at 1223-24 (for general jurisdiction, contacts must "approximate physical presence in the forum state").

"Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's' regulation." Goodyear, 564 U.S. at 919 (citations omitted). In other words, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Id. (citation omitted). The Ninth Circuit uses a three-prong test for analyzing claims of specific jurisdiction:

> First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must arise out of or relate to the defendant's forum-related activities. [Third], the exercise of jurisdiction must be reasonable.

Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1107 (9th Cir. 2020) (internal quotation marks, citations, and alterations omitted). The plaintiff must satisfy the first two prongs of this test; if he does so, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." Id. (internal quotation marks and citations omitted).

**III.   DISCUSSION**

In support of its motion to dismiss, SpineSmith submits the Declaration of Kevin Dunworth ("Mr. Dunworth"), its Chief Executive Officer. Dkt. 10-2 ("Dunworth Decl.") ¶ 2. Mr. Dunworth declares that SpineSmith is a Delaware limited liability corporation doing business in the state of Texas. Id. ¶ 3. On March 29, 2019, its subsidiary, Celling Aesthetics, LLC ("Celling Aesthetics"), acquired Thermigen through an equity purchase agreement. Id. ¶¶ 4, 5, 7. Celling Aesthetics is the sole owner of Thermigen. Id. ¶ 6.

Thus, according to Mr. Dunworth, SpineSmith is not the successor company to Thermigen. Id. ¶ 7. Additionally, SpineSmith was not involved in the alleged sale of the Device to Plaintiff, which occurred prior to Celling Aesthetics' acquisition of Thermigen. Id. ¶ 8. Finally, with regard to SpineSmith's own contacts with the forum, Mr. Dunworth avers that neither SpineSmith nor Celling Aesthetics has an office in California. Id. ¶ 9. SpineSmith does not have continuous and systematic business contacts in this District. Id. Although it "occasionally sells products of its own in California," those sales constitute "a minimal amount of overall sales." Id. Finally, neither SpineSmith nor Celling Aesthetics has engaged in any business transaction with Plaintiff. Id. ¶ 10.

Based on the foregoing, the Court finds that it lacks personal jurisdiction over SpineSmith. The Complaint makes no allegations relevant to the jurisdictional inquiry, except to state that Celling Biosciences is located in Austin, Texas. Compl. ¶ 3. Although Plaintiff submits a declaration in support of his opposition brief, Dkt. 22 at pp. 5-10 ("Edwards Decl. ISO Opp'n"), he offers no rebuttal to much of SpineSmith's jurisdictional averments. Specifically, SpineSmith avers, and Plaintiff does not dispute, that SpineSmith has no offices in California, that it makes only occasional and minimal sales of its own products in California, and that it does not have continuous and systematic business contacts in this District. On these facts, SpineSmith is not subject to general jurisdiction.

Citing what appears to be a news article dated April 12, 2019—for which no source is provided—Plaintiff contends that Celling Biosciences (not Celling Aesthetics) acquired Thermigen. Edwards Decl. ISO Opp'n ¶ 4, Ex. 4. Even if that were true, however, Plaintiff does not dispute that Thermigen was acquired *after* it allegedly sold the Device to Plaintiff. Indeed, the Purchase Agreement attached to the Complaint shows the sale was made on or about May 30, 2018. Compl. ¶ 7 & Ex. 1. SpineSmith avers, and Plaintiff does not dispute, that it was not involved in the alleged sale of the Device to Plaintiff and that it has not engaged in any business transaction with Plaintiff. Thus, Plaintiff cannot show that SpineSmith consummated a transaction with Plaintiff or purposefully availed itself of the privilege of conducting business in this forum. Nor can he show that his

claims arise out of or relate to SpineSmith's forum-related activities. On these facts, SpineSmith is not subject to specific jurisdiction.

In his opposition brief, which spans a mere three pages, Plaintiff does not directly respond to the argument that this Court lacks personal jurisdiction over SpineSmith. Instead, he makes two tangential arguments, which the Court addresses in turn.

First, Plaintiff argues that this Court has personal jurisdiction over Thermigen based on the "sale and sites of ThermiVA throughout California[.]" Opp'n at 2. Whether the Court has personal jurisdiction over Thermigen—a separate and distinct corporate entity—is a different question, however. See Daimler, 571 U.S. at 134-36. "It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one … in a forum state may not be attributed to the other[.]" Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1071 (9th Cir. 2017) (quotation marks and citation omitted); see also Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary. There is a presumption of corporate separateness that must be overcome by clear evidence.") (quotation marks, citation, and alterations omitted). Plaintiff provides no reason to deviate from this general rule.[2] Accordingly, he has not shown that this Court has personal jurisdiction over SpineSmith.

Second, Plaintiff argues that SpineSmith lacks standing to bring the instant motion. Opp'n at 3-4. This assertion is both perplexing and erroneous. Plaintiff does not dispute that Celling Biosciences, which he named as a defendant in this action, is SpineSmith's d/b/a. "The designation of 'DBA' or 'doing business as' simply indicates [SpineSmith]

---

[2] Plaintiff does not explicitly argue that Thermigen's contacts with the forum should be attributed to SpineSmith. Even if his assertion that the Court has personal jurisdiction over Thermigen were liberally construed to include such an argument, however, Plaintiff does not argue, let alone make a prima facie showing, that an agency or alter ego relationship exists between Thermigen and SpineSmith, so as to support a finding that Thermigen's contacts should be attributed to SpineSmith. See Axiom Foods, 874 F.3d at 1071 n.5.

operates under a fictitious business name." Pinkerton's, Inc. v. Superior Ct., 49 Cal. App. 4th 1342, 1348 (1996) (citations omitted). Doing business under a fictitious business name "does not create a separate legal entity," but merely describes "the person or corporation who does business under some other name." Id. (internal quotation marks and citations omitted). Although "a corporation may be sued by its fictitious business name, once its true name is discovered, all further proceedings should be in the corporate name." Id. (citations omitted). Accordingly, SpineSmith is the proper defendant and, as such, has standing to bring the instant motion to dismiss.[3]

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT SpineSmith's motion to dismiss is GRANTED on the ground that the Court lacks personal jurisdiction over SpineSmith, d/b/a Celling Biosciences. The Court does not reach SpineSmith's alternative argument for dismissal under Rule 12(b)(6).[4]

IT IS SO ORDERED.

Dated: January 20, 2022

*Saundra B. Armstrong* RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge

---

[3] As stated above, the Complaint alleges that SpineSmith (d/b/a Celling Biosciences) is a proper party to this action as the "successor corporation" to Thermigen. Compl. ¶¶ 3, 8, 12. In his opposition brief, Plaintiff contradicts this allegation by asserting that "Spine[S]mith does not belong in this action, since it did not acquire Thermigen LLC[,] which is still an active corporation, never having been dissolved." Opp'n at 3. In support of this assertion, he submits a recent Certificate of Fact from the Texas Secretary of State showing Thermigen with an entity status of "in existence" and a recent Texas Franchise Tax Account Status showing Thermigen as having an "active" right to transact business in Texas. Edwards Decl. ISO Opp'n ¶¶ 2-3 & Exs. 2-3. He thus contends that "Thermigen is an active corporation being sued in its capacity, with Spine[S]mith having no interest in the matter." Opp'n at 4; see also id. at 2 ("Thermigen is the proper party in interest, and Spine[S]mith has no standing to interfere in this action and should be stricken."). If Plaintiff is now of the view that SpineSmith "does not belong in this action," he should dismiss the action against this defendant. Since he has not done so, however, SmithSmith has standing to bring the instant motion, as discussed above.

[4] SpineSmith objects to and moves to strike a portion of the Declaration of Sharon de Edwards in support of Plaintiff's Opposition. See Dkt No. 25-1. Because the Court does not rely on that declaration, the motion to strike is DENIED as moot.