UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THERMIGEN LLC, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-01828-SBA<br><br>**ORDER DENYING DEFENDANT THERMIGEN, LLC'S MOTION TO DISMISS**<br><br>Dkt. 34 |

Plaintiff Fernando Anthony Edwards ("Plaintiff") brings the instant action against Defendant ThermiGen, LLC ("ThermiGen") and SpineSmith Holdings, LLC ("SpineSmith") d/b/a Celling Biosciences ("Celling Biosciences"). Presently before the Court is Thermigen's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4), (b)(5), and (b)(6). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Thermigen's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

### A.   FACTUAL ALLEGATIONS

The factual allegations in the Complaint are rather sparse. See Compl. ¶¶ 8-12, Dkt. 1. Plaintiff is the "Administrator of Medical Office of Sharon de Edwards, MD FACOG NCMP, Inc." (the "Medical Office"). Id. ¶ 1. Thermigen marketed and sold a medical device under the tradename "ThermiVa" (the "Device") "for the purpose of treating the Medical Office patients['] sexual and libido conditions." Id. ¶ 8. The Device was sold as "FDA approved to minimize vaginal laxity, to eliminate vaginal atrophy, and to improve vaginal vascularity to facilitate sexual arousal and penetration." Id. However, according to Plaintiff, the Device did not work as advertised and was never, in fact, approved by the FDA for the purposes advertised. Id. ¶ 9.

Plaintiff alleges that, in representing that the Device was FDA approved for the purposes advertised, ThermiGen engaged in "deliberate misrepresentation" to sell him a "useless device" for a sum of $100,579.92. Id. ¶ 10. He further alleges that ThermiGen's misrepresentation in the sale of the Device exposed the Physician at the Medical Office to risk of professional malpractice for using the Device as advertised. Id. ¶ 12. Finally, according to Plaintiff, Celling Biosciences, "as successor corporation to [ThermiGen], is wholly liable for the false advertisement and all damages arising thereunder." Id.

### B. PROCEDURAL HISTORY

On March 12, 2021, Plaintiff filed a Complaint, alleging causes of action for: (1) Unlawful Business Practices under California Business and Professions Code § 17200 et seq. (for financial abuse of an elder in violation of California Welfare and Institutions Code § 15600); (2) Unfair Business Practices under § 17200 et seq. (for immoral, unethical, oppressive, and unscrupulous conduct); (3) Fraudulent Business Practices under § 17200 et seq.; (4) False Advertisement under California Business and Professions Code § 17500; (5) Deceit; and (6) Negligent Infliction of Emotional Distress. Dkt. 1.

Thereafter, Thermigen filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(4), (b)(5), and (b)(6), arguing, alternatively, that (1) the action should be dismissed for insufficient process and/or insufficient service of process; and (2) the Complaint fails to state a claim. Dkt. 34 ("Mot."). Plaintiff timely filed an opposition to the motion. Dkt. 35 ("Opp'n"). Thermigen did not file a reply.

## II. DISCUSSION

As stated above, Thermigen moves to dismiss on the grounds of: (1) insufficient process and/or insufficient service of process; and (2) failure to state a claim. The Court addresses these issues in turn.

### A. INSUFFICIENT PROCESS AND/OR INSUFFICIENT SERVICE OF PROCESS

A defendant may move to dismiss an action for insufficient process and/or insufficient service of process. Fed. R. Civ. P. 12(b)(4), (b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.

2

Thus, a Rule 12(b)(4) motion is the proper vehicle for challenging noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals with the content of the summons. Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1353, pp. 334-35 (3d ed. 2004)). A Rule 12(b)(5) motion, on the other hand, is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. Id.

A plaintiff must serve a summons and a copy of the complaint in the manner and within the time prescribed. Fed. R. Civ. P. 4(c)(1). Among other things, Rule 4 provides that a summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1). "A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Thermigen contends it has not been properly served. Specifically, Thermigen asserts that Plaintiff served only "Celling Biosciences, Inc." Mot. at 5. In support of this assertion, Thermigen submits the Declaration of Steve Melchiode ("Mr. Melchiode"), the President of SpineSmith Holdings, LLC dba Celling Biosciences. Dkt. 34-2 ¶ 1. Mr. Melchiode avers that a summons addressed to Celling Biosciences, Inc. and a copy of the Complaint were served on him on June 22, 2021. Id. ¶ 2. Thermigen also notes that the Complaint was served more than one hundred days after it was filed. Thermigen thus argues that service was untimely. It concludes that, "[d]ue to [Plaintiff's] repeated and willful violations of Rule 4," his claims against Thermigen should be dismissed. Mot. at 5.

The Court notes that a summons has not been issued in Thermigen's name; rather, the only summons issued names "Celling Biosciences, Inc." Dkt. 3. SpineSmith dba Celling Biosciences is the owner of Thermigen's parent company, Celling Aesthetics, LLC. Service thus failed to comply with Rule 4(b) and 4(a)(1). Nevertheless,

3

"[d]ismissals for defects in the form of summons are generally disfavored." U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001). "Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice." Id. at 1052-53 (quoting Chan v. Society Expeditions Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)). Thermigen has not demonstrated actual prejudice, and thus, the Court finds dismissal on this ground unwarranted.

Plaintiff acknowledges that the summons served on Thermigen named only Celling Biosciences, Inc. Opp'n at 2. To correct this issue, he subsequently sent Thermigen a request for Waiver of Service of Summons. Id. By email, Thermigen's counsel acknowledged receipt of the Waiver of Service of Summons but declined to waive service. Id. & Ex. 3. According to Plaintiff, Thermigen thus violated Rule 4(d). Id. at 2. For this reason, Plaintiff asks the Court to "deem the Complaint served." Id. Alternatively, he asks that he be permitted to obtain an amended summons and tax Thermigen for all additional costs in serving the amended summons and Complaint. Id. at 2-3.

Rule 4 provides that an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. Fed. R. Civ. P. 4(d)(1). A plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of summons. Id. If the defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court must impose on the defendant the expenses later incurred in making service. Fed. R. Civ. P. 4(d)(2). A defendant is not required to waive service under Rule 4(d), however. See Al-Hizbullahi v. Bleisner, No. C 04-4903 MMC (PR), 2009 WL 1855234, at *1-2 (N.D. Cal. June 29, 2009). Consequently, if a defendant declines to waive service, the plaintiff must otherwise effectuate service in accordance with Rule 4. Id.

In view of the foregoing, the Court DENIES Thermigen's motion to dismiss for insufficient service and/or insufficient service of process. However, the Court cannot simply "deem the Complaint served" based on Thermigen's refusal to waive service. In its discretion under Rule 4(m), the Court affords Plaintiff an additional 30 days to complete

4

service on Thermigen.  If Thermigen, without good cause, declines to waive service, the Court notes that it may be responsible for additional costs incurred to complete service.

### B. FAILURE TO STATE A CLAIM

Thermigen also moves to dismiss the Complaint under Rule 12(b)(6), arguing that Plaintiff lacks standing to prosecute the action because he did not purchase the Device. Although Thermigen labels its motion as one for failure to state a claim, the motion actually raises an objection under Rule 17.  See Kinman v. Wells Fargo Bank, N.A., No. 2:12-CV-02853-MCE, 2013 WL 523092, at *2 (E.D. Cal. Feb. 11, 2013).

Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest."  "The Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).  Rule 17 "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002); see also Dunmore v. United States, 358 F.3d 1007, 1112 (9th Cir. 2004) (ratification allowed if the plaintiff's conduct was not a strategic decision). In a federal diversity action, such as this, whether a plaintiff is the real party in interest under Rule 17 is determined by the substantive state law, in particular, "that portion of state law from which the specific right being sued upon stems." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-94 (9th Cir. 2004) (quotation marks and citation omitted).

Here, Thermigen notes that Plaintiff is the "Administrator" of the Medical Office. Compl. ¶ 1.  Although the Complaint also alleges that he is "the Purchaser" of the Device, id., Thermigen directs the Court's attention to the Purchase Agreement attached to the Complaint.  See Dkt. 1 at pp. 9-11 ("Purchase Agreement").  The Purchase Agreement provides that "Federal (USA) law restricts (and state law may restrict) this medical device to sale or use by or on the order of a physician or other practitioner licensed in the state in

which this medical device is used or ordered (a 'Prescribing Practitioner')." Id. at 1. In at least three places, the Purchase Agreement lists "Sharon de Edwards, MD OB/GYN" as the party to bill. Id. at 1, 2, 3. The executed portion of the Purchase Agreement lists the "Company" as "Sharon de Edwards, MD OB/GYN" and the "Physician" as "Sharon de Edwards, MD." Id. at 2. Plaintiff is listed only as the "Contact." Id. The Purchase Agreement, which requires the signature of a "Physician" or "Authorized Officer," is signed by Plaintiff. Id. A note below the signature line states: "If purchasing in the business name, please make sure purchase order is signed by authorized representative of the company." Id. Lastly, in addition to alleging the loss of funds spent to purchase the Device, the Complaint alleges that Defendants' misrepresentations "exposed the Physician at the Medical Office administered by Plaintiff to risk of professional malpractice action for using the device as advertised." Compl. ¶ 12.

Without any reference to or discussion of the substantive state law, Thermigen argues that Plaintiff "fails to state claims for unlawful business practices, unfair business practices, fraudulent business practices, false advertisement, deceit, and negligent infliction of emotional distress for the purchase of a device he did not purchase." Mot. at 7. Plaintiff responds simply that he did, in fact, purchase the Device for his wife, Sharon de Edwards. Opp'n at 4. In support of this assertion, he cites the Declaration of Sharon de Edwards MD FACOP NCMP, which was filed in support of Plaintiff's opposition to SpineSmith's motion to dismiss. Dkt. 22 at pp. 13-16. Sharon de Edwards MD states that "[her] spouse, Fernando Anthony Edwards[,] purchased the ThermiVA medical device as a gift for [her] to complement [her] medical practice of Women Care." Id. ¶ 1. Neither the opposition nor the declaration explicitly states whether Plaintiff purchased the Device in his individual capacity using his own funds or as the Administrator of the Medical Office using its funds. Thermigen presents no evidence as to who paid for the Device.

In view of the foregoing, the Court DENIES Thermigen's motion to dismiss for failure to state a claim. As a threshold matter, dismissal for failure to prosecute in the name of the real party in interest is not permitted by Rule 17(a)(3) until such time as the

6

real party in interest has been allowed to ratify, join, or be substituted into the action. Moreover, Thermigen fails to address the substantive state law governing the causes of action alleged, and thus, fails to show that Plaintiff is not the real party in interest. Nevertheless, factual and legal questions remain as to whether Plaintiff is the real party in interest. Although the Complaint alleges that Plaintiff is "the Purchaser" of the Device, the Purchase Agreement—attached to the Complaint—appears to show that he acted only as the authorized representative of the Medical Office. If the Medical Office purchased the Device, it may be the real party in interest. Accordingly, the instant motion is denied without prejudice to renewal of Thermigen's objection under Rule 17 for failure to prosecute in the name of the real party in interest.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Thermigen's motion to dismiss is DENIED. The motion is denied without prejudice to renewal of Thermigen's Rule 17 objection for failure to prosecute in the name of the real party in interest. As stated above, Plaintiff shall complete service on Thermigen within 30 days of the date this Order is entered. If Thermigen, without good cause, declines to waive service, it may be responsible for additional costs incurred to complete service.

**IT IS SO ORDERED.**

Dated: January 20, 2022

*Saundra B Armstrong* \_RS

Richard Seeborg for Saundra B. Armstrong
United States District Judge

7