UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>THERMIGEN LLC,<br><br>Defendant. | Case No. 21-cv-01828-JSC<br><br>**ORDER RE: MOTION TO DISMISS UNDER RULE 17**<br><br>Re: Dkt. No. 45 |

Plaintiff sues Defendant for selling him a useless medical device. (Dkt. No. 1.)[1] Before the Court is Defendant's motion to dismiss for failure to prosecute in the name of the real party in interest under Federal Rule of Civil Procedure 17. (Dkt. No. 45.) Having carefully considered the briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 17, 2022 hearing, and DENIES Defendant's motion and GRANTS Plaintiff's motion for leave to amend.

**BACKGROUND**

Plaintiff is the administrator of the medical office of his wife, Dr. Sharon de Edwards. His complaint names as defendants Thermigen LLC and SpineSmith Holdings, LLC d/b/a Celling Biosciences, which is the owner of Thermigen's parent company, Celling Aesthetics, LLC. (*See* Dkt. No. 37.) Plaintiff alleges he is "the Purchaser" of the device. (Dkt. No. 1 ¶ 1.) However, the purchase agreement attached to the complaint lists the party to bill and the "Company" as "Sharon de Edwards, MD OB/GYN"; the "Physician" as "Sharon de Edwards, MD"; and the "Contact" as Plaintiff. (*Id.* at 9–11.) The agreement requires the signature of a "Physician" or "Authorized

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Officer" and is signed by Plaintiff. (*Id.* at 10.)

2  A judge of this court previously granted SpineSmith's motion to dismiss for lack of personal jurisdiction; denied Thermigen's motion to dismiss for insufficient process or service of process; ordered Plaintiff to properly serve Thermigen; and denied without prejudice Thermigen's motion to dismiss for failure to prosecute in the name of the real party in interest. (Dkt. Nos. 37, 38.) As to the latter:

> [D]ismissal for failure to prosecute in the name of the real party in interest is not permitted by Rule 17(a)(3) until such time as the real party in interest has been allowed to ratify, join, or be substituted into the action. Moreover, Thermigen fails to address the substantive state law governing the causes of action alleged, and thus, fails to show that Plaintiff is not the real party in interest. Nevertheless, factual and legal questions remain as to whether Plaintiff is the real party in interest. Although the Complaint alleges that Plaintiff is "the Purchaser" of the Device, the Purchase Agreement—attached to the Complaint—appears to show that he acted only as the authorized representative of the Medical Office. If the Medical Office purchased the Device, it may be the real party in interest.

(Dkt. No. 38 at 6–7.) Thermigen now renews its motion to dismiss for failure to prosecute in the name of the real party in interest.

**DISCUSSION**

Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). In a federal case based on diversity jurisdiction, whether the plaintiff is the real party in interest is determined by the substantive state law giving rise to his claims. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093–94 (9th Cir. 2004).

Plaintiff brings claims under California's Unfair Competition Law and False Advertising Law and claims for deceit and negligent infliction of emotional distress. As in its earlier motion, Defendant fails to engage with the substantive law of those claims and therefore fails to establish that Plaintiff is not the real party in interest.

Moreover, under Rule 17, courts "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "The purpose of the rule is to prevent forfeiture of a claim when an honest mistake was made.

2

This is consistent with our longstanding policy in favor of deciding cases on the merits." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (cleaned up). Defendant's argument that its earlier motion to dismiss put Plaintiff on notice, and started the reasonable time to cure, is foreclosed by *Jones*:

> Defendants argue that plaintiffs received the necessary notice earlier when defendants pointed out the deficiency in their motion for summary judgment. But plaintiffs disputed defendants' interpretation of the proper party, and plaintiffs' interpretation, though ultimately wrong, wasn't frivolous. Plaintiffs were entitled to await the district court's ruling before being deemed to have received notice for purposes of Rule 17. Holding otherwise would pressure plaintiffs to adopt their opponents' interpretation even if they're convinced that they did everything right.

*Id.* at 1129 n.3; *see id.* at 1129 (citing *Kuelbs v. Hill*, 615 F.3d 1037, 1042–43 (8th Cir. 2010)); *Kuelbs*, 615 F.3d at 1043 ("[T]he district court directed the plaintiffs to address the issue of Kuelbs's incompetency. *The order* put the plaintiffs on notice . . . and gave them time to substitute the real party." (emphasis added)). Here, there has been no ruling on the issue whether Plaintiff is the real party in interest. Thus, he has not received notice for purposes of Rule 17 and the reasonable time to cure has not passed. *See Jones*, 873 F.3d at 1129 ("Rather than enter judgment immediately after noting the deficiency, the district court should have given plaintiffs a reasonable opportunity to substitute the right party.").

Finally, Defendant argues that Plaintiff's violation of Rule 17 was willful because he previously attempted to litigate on the medical office's behalf in a state court case brought by the company that financed the same device at issue here. (*See* Dkt. No. 45-2.)[2] The argument suggests Plaintiff's putative violation was not an honest mistake and/or Plaintiff's interpretation was frivolous, and therefore no reasonable time to cure is required. *See Jones*, 873 F.3d at 1129 n.3; *cf. Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) (noting "the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party," but "Rule 17(a)

---

[2] The Court may take judicial notice of adjudicative facts in the state court proceeding, including pleadings and orders. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).

substitution of plaintiffs should be liberally allowed" (cleaned up)). However, the state court ruled that Plaintiff could not properly represent the medical office because, as a corporation, it must be represented by an attorney. (Dkt. No. 45-2 at 24–25 (granting financing company's motion to strike medical office's answer because "[c]orporations may not be represented by a principal or an officer of the corporation not licensed to practice law," and "[n]othing in the court's file suggests that either Sharon de Edwards or Fernando Anthony Edwards is licensed to practice law").) That is not a ruling that Plaintiff is not the real party in interest with respect to the claims he brings here. Nor are there other facts indicating Plaintiff *knows* he is not the real party in interest. *See Degamo v. Bank of Am., NA*, 849 F. App'x 620, 622 (9th Cir. 2021) (unpublished) ("Plaintiffs knew they had filed for bankruptcy and had viable claims against the Bank when they joined this suit. They therefore knew they were not the real parties in interest at the outset.").

Accordingly, Defendant's motion to dismiss for failure to prosecute in the name of the real party in interest is DENIED. Plaintiff's motion for leave to amend is GRANTED. *See Jones*, 873 F.3d at 1129 (holding that district court abused discretion "by failing to give plaintiffs a reasonable opportunity to substitute the proper party," where plaintiffs sought leave to amend under Rule 15 and were entitled to relief under Rule 17); *Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002) ("To remedy the Estate's pleading mistake, the district court allowed the Estate to amend its complaint and substitute Paul Goodman, in his individual capacity, for Paul Goodman as the Personal Representative of the Estate."). The motion was presented with Plaintiff's opposition to Defendant's motion, and therefore Defendant had the opportunity to respond in its reply. Defendant has not identified any prejudice sufficient to overcome the strong policy in favor of deciding cases on their merits. See *Jones*, 873 F.3d at 1128; *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that "prejudice to the opposing party is the most important factor" when considering whether to permit amendment).

## CONCLUSION

Defendant's motion is DENIED. Plaintiff's motion for leave to amend is GRANTED; he shall file the proposed first amended complaint, (Dkt. No. 46-1), together with a redlined or highlighted version comparing it to the prior operative complaint, on or before November 23,

4

2022.  Defendant's response to the amended complaint is due December 21, 2022.  The Court schedules an initial case management conference for January 26, 2023 at 1:30 p.m. via Zoom video.  A joint case management conference statement is due one week in advance.

This Order disposes of Docket No. 45.

**IT IS SO ORDERED.**

Dated: November 15, 2022

JACQUELINE SCOTT CORLEY
United States District Judge