UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO EDWARDS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>THERMIGEN LLC,<br><br>   Defendant. | Case No. 21-cv-01828-JSC<br><br>**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 56 |

In the operative first amended complaint ("FAC"), Dr. Sharon de Edwards brings claims against Thermigen LLC. (Dkt. No. 56.)[1] Dr. de Edwards, a citizen of California, asserts federal subject matter jurisdiction on the basis of diversity. (*Id.* ¶¶ 1, 5.) The FAC alleges Thermigen is "a Registered Foreign Corporation in California, located at 4719 South Congress Avenue, Austin, TX 78745, engaged in the sale of Medical Devices and doing business throughout the State of California." (*Id.* ¶ 2.)

However, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, the FAC does not properly allege diversity jurisdiction because it does not allege the citizenship of each member of Thermigen. No other basis for federal question jurisdiction is clear from the complaint. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005) (explaining that, despite "inartful pleading," complaint "expressly states that resolution of its claims would require the federal court to apply the Federal Tort Claims Act, a clear indication . . . [of] federal subject-matter jurisdiction").

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Accordingly, on or before January 19, 2023, Dr. de Edwards shall make a supplemental filing setting forth the citizenship of each member of Thermigen. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (cleaned up)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

**IT IS SO ORDERED.**

Dated: January 12, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

2