UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON DE EDWARDS, MD,<br><br>Plaintiff,<br><br>v.<br><br>THERMIGEN LLC,<br><br>Defendant. | Case No. 21-cv-01828-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 57 |

Before the Court is Defendant's motion to dismiss for failure to prosecute in the name of the real party in interest under Federal Rule of Civil Procedure 17. (Dkt. No. 57.)[1] Having carefully considered the briefing, and having had the benefit of oral argument on January 26, 2023, the Court DENIES the motion. The purchase agreement at issue is between plaintiff Sharon de Edwards, MD and defendant Thermigen LLC. So, Defendant has not shown that Plaintiff is not the real party in interest.

## BACKGROUND

Fernando Edwards is the administrator of the medical office of his wife, Dr. Sharon de Edwards. Mr. Edwards originally filed suit against several Defendants for selling a useless medical device. (Dkt. No. 1.) The remaining Defendant is Thermigen LLC, (*see* Dkt. No. 37), and this is its third motion to dismiss under Rule 17, (Dkt. Nos. 34, 45, 57).[2] A judge of this court denied the first without prejudice. (Dkt. No. 38 at 6–7.) This Court denied the second, explaining

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Defendant's first motion cited Rules 12(b)(4), (5), and (6), but the presiding judge construed the Rule 12(b)(6) argument under Rule 17. (Dkt. No. 38 at 5.)

there had been no previous ruling "on the issue whether [Mr. Edwards] is the real party in interest" and the second motion "fail[ed] to engage with the substantive law of [Mr. Edwards's] claims and therefore fail[ed] to establish [he] is not the real party in interest." (Dkt. No. 54 at 3, 2.)

Thereafter, Dr. de Edwards filed the first amended complaint ("FAC") in her name only. (Dkt. No. 56.) The FAC alleges Dr. de Edwards is "the owner of the medical device purchased for her, by her husband, that is the subject matter of this action." (*Id.* at 1.) The FAC attaches the device purchase agreement, which says "Bill to: Sharon de Edwards, MD OB/GYN" in three places; "Company: Sharon de Edwards, MD OB/GYN"; and "Physician: Sharon de Edwards, MD"; and has Mr. Edwards's signature as an "Authorized Officer or Physician." (*Id.* at 10–12.) The "Company" line notes: "Use legal business name if purchasing in name of a company." (*Id.* at 11.)

In its third motion, Defendant moves to dismiss on the grounds that the real party in interest is not Dr. de Edwards but "the Medical Office of Sharon de Edwards, MD FACOG NCMP, Inc." (Dkt. No. 57.)

**DISCUSSION**

Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). In a federal case based on diversity jurisdiction, whether the plaintiff is the real party in interest is determined by the substantive state law giving rise to her claims. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093–94 (9th Cir. 2004).

Dr. de Edwards brings California law claims for breach of contract, unfair and fraudulent business practices, false advertisement, deceit, and negligent infliction of emotional distress. (Dkt. No. 56 at 5–8.) Under California law, "[g]enerally, the person or entity possessing the right sued upon is the real party in interest." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 581 (1984). The FAC alleges Dr. de Edwards is the owner of the device giving rise to all her claims, and the purchase agreement lists her as the purchaser. She is therefore the real party in interest. *See Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 955–56 (2005) ("The second amended complaint alleges defendant entered into a written contract with Erstad to purchase the subject engagement ring. The attached exhibit shows defendant issued a written appraisal to

2

Erstad. Erstad is clearly a real party in interest . . . ." (cleaned up)); *cf. Instrumentation Lab'y Co. v. Binder*, No. 11CV965 DMS (KSC), 2012 WL 12868361, at *3–4 (S.D. Cal. Aug. 28, 2012), *aff'd*, 603 F. App'x 618 (9th Cir. 2015) (concluding plaintiff was real party in interest because he was party to contract by assignment).

Defendant points to documents filed in a state court case brought by the company that financed the device sale against "Sharon de Edwards MD FACOG NCMP, Inc." and Dr. de Edwards. (Dkt. No. 45-2 at 5; *see* Dkt. No. 54 at 3 n.2 (taking judicial notice).) The complaint attached an agreement between the financer and "debtor" "Sharon de Edwards MD FACOG NCMP, Inc." and an invoice to the same. (Dkt. No. 45-2 at 13–14.) At most, these documents suggest the Medical Office Corporation is the real party in interest as to the financer's claims in its own suit. They are not relevant to interpreting the agreement at issue here, which specifically lists Dr. de Edwards in every relevant place.

Accordingly, Defendant fails to establish Dr. de Edwards is not the real party in interest, and its motion to dismiss is DENIED.

## CONCLUSION

Defendant's motion is DENIED.

After Defendant filed this motion, the Court determined the FAC did not properly allege diversity jurisdiction and ordered Dr. de Edwards to show cause. (Dkt. No. 62.) Dr. de Edwards's response, titled "Supplemental First Amended Complaint," resolves the issue; the Court is satisfied that diversity jurisdiction exists. (Dkt. No. 63.) That filing is now the operative Second Amended Complaint, which Defendant shall answer within 20 days of this Order.

This Order disposes of Docket No. 57.

**IT IS SO ORDERED.**

Dated: January 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge