UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON DE EDWARDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THERMIGEN LLC,<br><br>　　　　Defendant. | Case No.  21-cv-01828-JSC<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 95 |

Plaintiff Sharon de Edwards, MD, sues Thermigen for fraudulently marketing and selling a medical device as approved by the U.S. Food and Drug Administration (FDA) as a treatment for menopausal symptoms.  (Dkt. No. 63.)[1]  Before the Court is Plaintiff's motion for summary judgment on all her claims.  (Dkt. No. 95.)  Having carefully considered the briefing, and with the benefit of oral argument on June 20, 2024, the Court DENIES Plaintiff's motion for summary judgment.  There is a genuine dispute as to whether Thermigen made the misrepresentation upon which each of Plaintiff's claims is premised.

### A. Real Party in Interest

As a preliminary matter, the Court again rejects Defendant's real-party-in-interest defense. Under Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).  A defendant may assert as an affirmative defense the plaintiff is not the real party in interest under Rule 17.  *Degamo v. Bank of Am., NA*, 849 F. App'x 620, 623 (9th Cir. 2021); *see also U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1183 n.4 (9th Cir. 1989) (refusing to address untimely real-party-in-interest affirmative defense raised for the first

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

time on appeal). When a defendant asserts a real-party-in-interest defense on a plaintiff's motion for summary judgment, the defendant must identify a genuine dispute of material fact as to whether the asserted claim belongs to the plaintiff. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("The moving party is entitled to a judgment as a matter of law [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (cleaned up)); *see, e.g.*, *Addax Energy SA v. M/V Yasa H. Mulla*, 987 F.3d 80, 85 (4th Cir. 2021) (ruling a defendant asserting a Rule 17 real-party-in-interest defense on a plaintiff's motion for summary judgment must show "a genuine dispute of material fact regarding whether the asserted claim belongs to the plaintiff or to a third party.").

There appears no genuine dispute Plaintiff is the real party in interest. In a federal case based on diversity jurisdiction, whether the plaintiff is the real party in interest is determined by the substantive state law giving rise to the plaintiff's claims. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-94 (9th Cir. 2004). Defendant insists Plaintiff's medical practice corporation, "Sharon De Edwards, M.D., FACOG, NCMP, Incorporated," rather than Plaintiff herself, purchased the medical device; so, the corporation, rather than Plaintiff the individual, is the real party in interest. But the Purchase Agreement between Thermigen and Plaintiff under which Plaintiff bought the device unambiguously states "Sharon de Edwards, MD OB/GYN" is the purchaser:

**Company:** Sharon de Edwards, MD OB/GYN
Use legal business name if purchasing in name of a company

(Dkt. No. 96-5 at 3.) Indeed, the Purchase Agreement nowhere identifies "Sharon De Edwards, M.D., FACOG, NCMP, Incorporated" as the purchaser or otherwise.

Defendant's attempt to rely on Plaintiff's deposition testimony is insufficient to create a genuine dispute of fact. In California, the "parol evidence rule generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument." *Alling v. Universal Mfg. Corp.*, 5 Cal. App. 4th 1412, 1433 (Cal. Ct. App. 1992); *see also* Cal. Code Civ. Proc. § 1856(a). The parol evidence rule applies in fraud as well as

1  contract actions.  *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 346 (Cal. 2004).  While the rule

2  only applies to an integrated written agreement, Defendant concedes—indeed, insists—the

3  Purchase Agreement is an integrated contract.  (Dkt. No. 96 at 11.)

> Under California law, parol evidence may be admitted to explain ambiguity in an integrated contract.  The test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is "reasonably susceptible."

*Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG*, 460 F. App'x 709, 711 (9th Cir. 2011) (cleaned up).  Here, the Purchase Agreement's identification of the purchaser as Plaintiff is not reasonably susceptible to Defendant's mantra the corporation purchased the device.  Further, the Purchase Agreement itself says "use legal business name if purchasing in name of a company."  The absence of the corporation's "legal business name" in the Purchase Agreement is consistent with Plaintiff, rather than the corporation, being the purchaser.  So, the parol evidence rule bars Defendant from introducing extrinsic evidence to contradict the Purchase Agreement's unambiguous terms.  Defendant's real-party-in-interest theory fails to defeat summary judgment, as there appears no genuine dispute Plaintiff purchased the device.

Plaintiff did not move for summary judgment on Defendant's real-party-in-interest affirmative defense.  The Court, however, may sua sponte grant summary judgment and dispose of Defendant's affirmative defense.  Fed. R. Civ. P. 56(f).  As stated at oral argument, if Defendant believes it has a good faith argument, based on admissible evidence, a genuine dispute exists as to whether the device was purchased by the medical corporation, it shall show cause in writing by June 27, 2024.  Plaintiff may file a response by July 5, 2024.  If Defendant fails to show cause, the Court will grant summary judgment in Plaintiff's favor on Defendant's real-party-in-interest affirmative defense.

### B. Disputes of Fact Defeat Plaintiff's Motion

Genuine issues of material fact defeat Plaintiff's motion for summary judgment.  Plaintiff's claims are all premised on her assertion Defendant's salesperson Mike Shepard orally represented FDA approval of the medical device for treatment of menopause was forthcoming.  (*See, e.g.,* Dkt.

3

No. 95 at 1-2.)  But Mr. Shepard attests he never made such representations.  (Dkt. No. 96-4 at ¶ 8.)  So, summary judgment must be denied.  Plaintiff's arguments to the contrary go to the weight of the evidence and do not comply with the summary judgment standard.

## CONCLUSION

Because there exists a dispute as to whether Mr. Shepard represented FDA approval of the medical device to treat menopause was forthcoming, Plaintiff's motion for summary judgment is DENIED.  If Defendant has a good faith belief there is a genuine dispute the medical corporation purchased the medical device, it shall show cause in writing by July 3, 2024.  Plaintiff may file a response by July 10, 2024.  If Defendant fails to show cause, the Court will grant summary judgment on the affirmative defense and remove the issue from the case.

This Order disposes of Docket No. 95.

**IT IS SO ORDERED.**

Dated: June 27, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge