UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON DE EDWARDS,

        Plaintiff,

    v.

THERMIGEN LLC,

        Defendant.

Case No.  21-cv-01828-JSC

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 107

Plaintiff Sharon de Edwards, MD, sues Thermigen for fraudulently marketing and selling a medical device as approved by the U.S. Food and Drug Administration as a treatment modality for menopause symptoms.  (Dkt. No. 63.)[1]  Before the Court is Defendant's motion for summary judgment.  (Dkt. No. 107.)  Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Defendant's motion for summary judgment.  A genuine dispute exists as to whether the alleged misrepresentation underlying each of Plaintiff's claims is actionable under California law.  Additionally, the Court sua sponte GRANTS summary judgment in favor of Plaintiff on Thermigen's real-party-in-interest defense.

**DISCUSSION**

Plaintiff's claims are all premised on her assertion Thermigen's salesperson Mike Shepard orally represented FDA approval of the medical device for treatment of menopause symptoms was forthcoming.  (*See, e.g.*, Dkt. No. 95 at 1-2.)  Mr. Shepard attests he never made such a representation.  (Dkt. No. 96-4 at ¶ 8.)  Thermigen moves for summary judgment on the grounds the alleged misrepresentation is nonactionable.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Under Federal Rule of Civil Procedure 56, summary judgment is proper if Thermigen shows there is no genuine dispute of material fact and Thermigen is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Thermigen bears the initial burden of demonstrating the lack of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. To survive, Plaintiff must establish a genuine issue of material fact for trial through probative evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) ("If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." (cleaned up)). In ruling on a motion for summary judgment, the Court must "view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Id*. at 255.

## I.    Misrepresentation's Actionability

Generally, "[p]redictions as to future events, or statements as to future action by some third party, are deemed opinions" and thus do not constitute actionable misrepresentations. *Borba v. Thomas*, 70 Cal. App. 3d 144, 152 (Ct. App. 1977).

> There are, however, three recognized exceptions to the general rule: (1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion.

*Id*.

Thermigen makes no argument and adduces no evidence demonstrating the third exception does not render Mr. Shepard's alleged misrepresentation actionable; that is, Thermigen fails to establish no reasonable trier of fact could find Mr. Shepard did not represent FDA approval was forthcoming as an existing fact or as implying facts to justify a belief in the truth of the

2

United States District Court
Northern District of California

forthcoming FDA approval.  At the very least, a reasonable trier of fact could find Mr. Shepard's statement FDA approval was forthcoming implies Thermigen applied for FDA clearance of its device for treatment of menopause symptoms.  But the evidence supports a finding that in July 2018, a month after Plaintiff purchased the device, Thermigen had not yet sought "FDA clearance or approval for the THERMIva for [vaginal rejuvenation]."  (Dkt. No. 95-2 at 7.)  Thermigen does not address whether the false implication of a pending application for FDA approval of a device for menopause treatment justifies a belief in such forthcoming approval, and thus fails to establish Plaintiff's belief in the forthcoming FDA approval was unjustifiable as a matter of law.  So, Thermigen fails to establish Mr. Shepard's alleged misrepresentation is nonactionable.

Thermigen's reliance on *Borba v. Thomas* is unpersuasive.  70 Cal. App. 3d 144 (Ct. App. 1977).  *Borba* concerned a nonactionable representation from a private individual to another equally knowledgeable private individual regarding the future conduct of public officials.  The state court ruled "where there is no relation of special trust or confidence between the buyer and seller, and where the means of knowledge of the pertinent facts are equally available to both parties, neither person can justifiably rely on the expressions of opinion by the other concerning future events."  *Id*. at 155.  But Thermigen fails to establish "the means of knowledge of the pertinent facts" were equally available to Plaintiff and Mr. Shepard, Thermigen's representative.  *Id*.  Unlike in *Borba*, a reasonable trier of fact could find Thermigen had better access than Plaintiff to facts pertinent to the status of Thermigen's implied application for FDA approval.  For the same reason, Thermigen's reliance on *Brakke v. Economic Concepts, Inc.*, is unavailing.  213 Cal. App. 4th 761, 769-70 (2013).  Unlike in *Brakke*, when a pension planning marketing company's statements regarding the Internal Revenue Service's future treatment of a pension plan were deemed nonactionable, Thermigen is better situated to determine and represent the status of its own device's implied application for FDA clearance.

Thermigen also argues the alleged misrepresentation is expressly disclaimed by the Sales Agreement.  But in California, "it is well-established" disclaimers disavowing all prior representations "do not operate to insulate defrauding parties from liability or preclude [a plaintiff] from demonstrating justifiable reliance on misrepresentations."  *Orozco v. WPV San Jose, LLC*, 36

Cal. App. 5th 375, 393 (2019); *see* Cal. Civ. Code § 1668 ("All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."). So, Thermigen fails to establish the Sales Agreement's disclaimer shields Thermigen from liability for its fraudulent misrepresentations.

Accordingly, Thermigen's motion for summary judgment on the grounds the alleged misrepresentation is nonactionable is DENIED.

## II.    Real Party in Interest

As an affirmative defense, Thermigen asserts Plaintiff is not the real party in interest under Federal Rules of Civil Procedure 17(a)(1). (*See, e.g.*, Dkt. No. 96 at 7-8.) Though neither party has moved for summary judgment on Thermigen's real-party-in-interest affirmative defense, the Court may sua sponte grant summary judgment. Fed. R. Civ. P. 56(f). In the Court's prior order denying Plaintiff's motion for summary judgment, the Court noted "[t]here appears no genuine dispute Plaintiff is the real party in interest" because the Sales Agreement unambiguously demonstrates Plaintiff purchased the device. (Dkt. No. 109 at 2.) Nonetheless, the Court provided Thermigen the opportunity to show cause in writing by June 27, 2024, why a genuine dispute exists as to whether Plaintiff purchased the device. (*Id*. at 3.) The Court cautioned, "[i]f Defendant fails to show cause, the Court will grant summary judgment in Plaintiff's favor on Defendant's real-party-in-interest affirmative defense." (*Id*.) Thermigen failed to submit a written submission responding to the Court's order to show cause. Accordingly, the Court GRANTS summary judgment in favor of Plaintiff on Thermigen's real-party-in-interest defense.

//

//

//

//

//

//

//

United States District Court
Northern District of California

**CONCLUSION**

For the stated reasons, Thermigen's motion for partial summary judgment is DENIED and Thermigen's real-party-in-interest defense is DISMISSED with prejudice.

This Order disposes of Docket No. 107.

**IT IS SO ORDERED.**

Dated: July 30, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

5